IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE H. LUCERO,

    Plaintiff,

v.                                                                      CIV 19-0383 KG/KBM

HSBC, Bank, N.A.,

    Defendant.

## **ORDER DENYING APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff's request that this Court appoint counsel to represent him in this civil lawsuit. *Doc. 9.* The Court notes that Plaintiff has no constitutional right to counsel in this matter, nor is counsel automatically appointed upon request. *See, e.g., Parker v. Bruce,* 109 F. App'x 317, 321 (10th Cir. 2004). In certain exceptional circumstances, a district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). However, the most the Court can do is request voluntary, unpaid assistance from the pro bono committee.

In deciding whether to make such a request, the Court must consider: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's claims; (4) the complexity of the issues raised by the claims, and (5) the plaintiff's capacity to prepare and present the case without the aid of counsel. *See Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)

(listing factors applicable to motions to proceed in forma pauperis under 28 U.S.C. § 1915); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (same); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to Title VII cases). Ultimately, the burden is on the litigant "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill*, 393 F.3d at 1115.

As an initial matter, Plaintiff fails demonstrate indigency or to identify any steps that he has taken to secure counsel in this matter. The Court further finds that Plaintiff has demonstrated an ability to set forth his claims and the allegations in support of those claims with sufficient clarity to enable the Court to proceed in the absence counsel's assistance. Because the issues presented are straightforward and are not unduly complex, Plaintiff's request for appointment of counsel is unwarranted at this time. *See, e.g., Hoffman v. Martinez,* 92 F. App'x 628, 633-34 (10th Cir. 2004).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to appoint counsel *(Doc. 9)* is **denied**.

_____
UNITED STATES MAGISTRATE JUDGE