IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE H. LUCERO,

    Plaintiff,

v().                                                                       CIV 19-0383 KG/KBM

HSBC, Bank, N.A.,

    Defendant.

## **ORDER DENYING MOTIONS FOR DISCOVERY**

THIS MATTER is before the Court on Plaintiff's Motions for Discovery. *Docs. 8, 15.* Joe H. Lucero, Jr. ("Plaintiff") filed this matter in the Second Judicial District Court, Bernalillo County, on January 28, 2019. *Doc. 1-5.* Thereafter, HSBC Bank USA ("Defendant") removed the case to this Court on April 24, 2019, alleging diversity jurisdiction. *Doc. 1.* According to Plaintiff's Complaint, he seeks "$150,000.00 for [a] predatory loan which [he alleges] constitutes fraud." *Doc. 1-5* at 6. More specifically, he maintains that when his mortgage note was transferred from Fidelity Mortgage to Defendant, Defendant wrongfully added $3,000 to the loan. *Id.* at 5. Moreover, he contends that Defendant imposed a loan interest rate of 8.49%, when the "going rate" was 5%. *Id.* Defendant's Motion to Dismiss, in which Defendant maintains that Plaintiff's Complaint should be dismissed on the basis of *res judicata* and for failure to state a claim, is currently pending before the presiding judge in this case. *See Doc. 4.*

On June 17, 2019, Plaintiff filed a Motion for Discovery in this case. *Doc. 8*. Defendant responded on June 21, 2019. *Doc. 12*. Then, on July 16, 2019, Plaintiff refiled that same Motion for Discovery. *Compare Doc. 8 with Doc. 15*. Defendant, in turn, refiled its response to that motion. *See Doc. 18*. Thus, while there are two motions and two responses, the filings are simply duplicitous.

Plaintiff seeks "evidence and proof" from Defendant showing: 1) why $3,000 was added to his mortgage; 2) that the $3,000 from his old account with Associates Finance Company was "paid in full"; 3) that his mortgage interest was inflated to 8.49%; 4) where his extra $50.00 in principal payments were applied for six years; 5) his payment record for six years and more; 6) his amortization schedule for six years and more; and (7) an explanation of the "imposed/forced mortgage insurance." *Docs. 8*; *15*. In response, Defendant argues that Plaintiff's Motions should be summarily denied because Plaintiff failed to comply with D.N.M.LR-Civ.7.1(a)[1] or, alternatively, because the motions are premature and unnecessary given the pending Motion to Dismiss. *Docs. 12*; *18*.

On August 2, 2019, Plaintiff filed a reply to his twice-filed Motion for Discovery, entitled "Response to Charles Curran, to Dismiss Discovery." *Doc. 19*. Therein, he argues that his "Motion for Discovery should be up-held [sic] by this Court, being how serious this predatory loan affects the whole contract . . ." *Id*. at 1. He concedes, however, that "[i]f Charles Curran needs more time to get his <u>discovery</u> ready, he should be granted more time." *Id.* (emphasis in original).

---

[1] This Local Rule provides that a "Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ.7.1(a).

2

But Defendant did not simply request additional time to "get its discovery ready." Rather, it opposed Plaintiff's Motions procedurally – for his failure to seek concurrence or to make his discovery requests using a method provided for in Federal Rules of Civil Procedure – and it also opposed them substantively – as premature and unnecessary. *Docs 12*, *18*. Even if the Court declines to summarily deny Plaintiff's Motions under D.N.M.LR-Civ.7.1 for want of a recitation of a good-faith request for concurrence, it agrees that Plaintiff's Motions are premature and that discovery is not warranted at this time.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, the Court has not issued an initial scheduling order, the order in which will set the deadline for the parties' Rule 26(f) conference, nor has Defendant stipulated to the propounding of discovery requests in advance of that conference. Moreover, the Court has found good cause to extend the time for issuing a scheduling order pursuant to Federal Rule of Civil Procedure 16(b), explaining that it will delay the issuance of its initial scheduling order pending resolution of Defendant's Motion to Dismiss and Plaintiff's Motion for Default Judgment. *See Doc. 23*.

For all of these reasons, Plaintiff's Motions for Discovery are not well-taken and will be denied. Absent a stipulation of the parties, discovery shall not commence before entry of an initial scheduling order and unless and until the parties conduct a Rule 12(f) conference in this case.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Discovery *(Docs. 8 & 15)* are **denied**.

_____
UNITED STATES MAGISTRATE JUDGE