IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE H. LUCERO,

    Plaintiff,

v.                                                                             CIV 19-0383 KG/KBM

HSBC, Bank, N.A.,

    Defendant.

# **ORDER DENYING MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on Plaintiff's "Response to Denial for Appointment of Counsel" (*Doc. 20*), filed August 19, 2019, which the Court construes as a Motion for Reconsideration of its July 10, 2019 Order Denying Appointment of Counsel. In that Order, the Court denied Plaintiff's Motion for Appointment of Counsel, reasoning that Plaintiff had failed to demonstrate indigency or to identify steps he had taken to secure counsel. *Doc. 14* at 2. Additionally, the Court determined that Plaintiff had demonstrated the ability to set forth his claims and allegations with sufficient clarity to enable the Court to proceed without counsel to assist him. *Id.*

Plaintiff now apparently seeks reconsideration of that order, alleging as follows:

Your decision to deny me appointment of counsel is racist, and in a direct conspiracy with lawyers, Charles Curran, lawyer for H.S.B.C. Bank U.S.A. N.A. Attorney General [] Balderas is looking into this predatory loan by the bank involved. Larry Barker of Channel 13, also has paperwork, and has talked to Hector Balderas (AG) about the corruption of judges involved in

these cases.

*Doc. 20* at 2.

Grounds meriting a motion to reconsider include (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's motion does not rely on an intervening change in the law, does not disclose any previously unavailable evidence relevant to the issue of appointment of counsel, and does not present any need to correct clear or manifest injustice. Instead, Plaintiff expresses his disagreement with the Court's ruling and makes unsupported allegations concerning the Court's motivations in denying him the appointment of counsel. To the extent that he asks the Court to revisit this ruling, his request is denied.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's "Response to Denial for Appointment of Counsel" (*Doc. 20*), which the Court construes as a Motion for Reconsideration, is **denied**.

_____
UNITED STATES MAGISTRATE JUDGE