IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE H. LUCERO JR.,

      Plaintiff,

vs.                                                                         Civ. No. 19-383 KG/KBM

HSBC BANK USA, N.A.,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon "Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. No. 1-3, 4/25/19) and Brief in Support" (Motion to Dismiss), filed May 9, 2019.  (Doc. 4).  *Pro se* Plaintiff Joe H. Lucero, Jr. did not respond to the Motion to Dismiss.  Having considered the merits of the Motion to Dismiss, the Court grants the Motion to Dismiss as described below.

*I.  Background*

      As an initial matter, the Court takes judicial notice of various public documents filed in the underlying state foreclosure action and attached to the Motion to Dismiss.  *See Binford v. United States*, 436 F.3d 1252, 1256 n. 7 (10th Cir. 2006) (acknowledging that "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record").  The Court notes that "while ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint …, matters that are judicially noticeable do not have that effect…."  *Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1208 (D.N.M. 2019).  Thus, taking judicial notice of state court documents does not convert this Motion to Dismiss to a motion for summary judgment.

1

On April 12, 2007, "Lucero executed and delivered to Fidelity Mortgage, a division of Delta Funding Corporation, a Note … bearing interest at the rate of 8.49% per annum…."  (Doc. 4-1) at 12, ¶ 6.  To secure that Note, Lucero executed a Mortgage on an Albuquerque property. *Id.* at 12, ¶ 7.  Lucero defaulted on the Note beginning in April 2013.  *Id.* at 13, ¶ 12.

On December 16, 2013, the original mortgagee assigned the Mortgage to HSBC Bank USA, N.A. (HSBC), as the Indenture Trustee for the registered noteholders of Renaissance Home Equity Loan Trust 2007-2 (Indenture Trustee).  *Id.* at 13, ¶ 10.  HSBC, as the Indenture Trustee, also became the holder of the Note.  *Id.* at 13, ¶ 11.

The next day, on December 17, 2013, HSBC, as the Indenture Trustee, filed a foreclosure action against Lucero in state court.  *Id.* at 12, ¶ 4.  Lucero, represented by counsel, filed breach of contract and New Mexico Home Loan Protection Act (NMHLPA) counterclaims.  *Id.* at 40-48.

In November 2016, the state court struck the counterclaims.  *Id.* at 14, ¶ B.  The state court further entered a default judgment in favor of HSBC, as the Indenture Trustee, on all claims filed in the foreclosure matter as well as on "all claims of Joe H. Lucero, Jr. which were or could have been filed herein" and dismissed them "with prejudice in their entirety."  *Id.* at 14, ¶ C and at 17, ¶ S.  Notwithstanding the default judgment, the state court made the following finding on the merits:  "Plaintiff has standing to enforce the Note and is entitled to recover judgment against Defendant Joe H. Lucero, Jr."  *Id.* at 14, ¶ F. The state court also made it clear that the judgment was final and that Lucero had the right to appeal the final judgment.  *Id.* at 18, ¶ U.

Lucero did not appeal the state judgment.  Instead, Lucero filed a state lawsuit in January 2019.  (Doc. 1-3).  Lucero alleges that HSBC executed a "predatory loan" when Fidelity

2

Mortgage assigned the Note and Mortgage to HSBC. *Id.* at 1. Lucero further alleges that, unknown to him, HSBC added $3,000 to the Note's principle balance. *Id.* According to Lucero, he previously owed $3,000 under an account with Associates Finance Company, but he had paid that amount in full. *Id.* In addition, Lucero alleges that HSBC "imposed an 8.49% interest rate when the going rate was 5%," which Lucero paid for at least six years. *Id.* at 1-2. Lucero contends that this "predatory loan" constitutes fraud. *Id.* at 2.

In February 2019, a Special Master appointed by the state court sold the mortgaged property. (Doc. 4-1) at 3. On March 19, 2019, the state court confirmed the sale and the Special Master's Report, thereby closing the state foreclosure case. *Id.*

On April 25, 2019, HSBC removed Lucero's state lawsuit to federal court. (Doc. 1). Shortly thereafter, on May 9, 2019, HSBC filed this Motion to Dismiss. (Doc. 4).

On September 11, 2019, Lucero filed a Motion for Default Judgment in which he seeks a default judgment against HSBC as a sanction for alleged discovery abuses. (Doc. 21). That motion is fully briefed and remains pending.

## II. The Motion to Dismiss

HSBC moves to dismiss this lawsuit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). As grounds for its Rule 12(b)(6) motion, HSBC argues that (1) *res judicata* or claim preclusion bars Lucero's claims; (2) no predatory loan cause of action exists in New Mexico; and (3) Lucero fails to state a plausible claim for fraud under New Mexico law. Finally, HSBC argues that Lucero fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

III.  *Discussion*

    A.  *Rule 12(b)(6)*

        1.  *Standard of Review*

A court, in accordance with Rule 12(b)(6), may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a Rule 12(b)(6) motion to dismiss, courts must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).  Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level...."  *Id.*  In other words, a court can dismiss a complaint under Rule 12(b)(6) only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Although the Court may dismiss a *pro se* party's complaint under Rule 12(b)(6) for failure to state a claim, the Court must liberally construe the pleadings filed by a *pro se* party. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (finding that plaintiff's "pro se status entitles him to a liberal construction of his pleadings").  While the Court holds a *pro se* litigant's pleadings to less stringent standards, *pro se* litigants must, nevertheless, comply with the Federal Rules of Civil Procedure.  *See, e.g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.

1994), *cert. denied*, 514 U.S. 1048 (1995) (noting that while Tenth Circuit "liberally construe[s] *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").  Moreover, the Court is not obliged to craft legal theories for the *pro se* plaintiff or to supply factual allegations to support a *pro se* plaintiff's claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant").

## 2.  *Res Judicata or Claim Preclusion*

HSBC argues first that *res judicata* or claim preclusion bars Lucero's claims.  "To determine the preclusive effect of a state court judgment in a subsequent federal lawsuit, [federal courts] use the preclusion law of the state in which the prior judgment was rendered." *Fundamental Admin. Services, LLC v. Cohen*, 709 Fed. Appx. 516, 518 (10th Cir. 2017).  "Under New Mexico law, '[t]he doctrine of claim preclusion, or res judicata, bars re-litigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits.'"  *Id*. (quoting *Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 15, 382 P.3d 991).  "Res judicata applies if three elements are met (**1**) a final judgment on the merits in an earlier action, (**2**) identity of parties or privies in the two suits, and (**3**) identity of the cause of action in both suits." *Pielhau v. State Farm Mut. Auto. Ins. Co.*, 2013-NMCA-112, ¶ 8, 314 P.3d 698.  Even if all three elements are met, "res judicata does not bar a subsequent action unless the plaintiff could and should have brought the claim in the former proceeding." *Potter v. Pierce*, 2015-NMSC-002, ¶ 15, 342 P.3d 54.

In this case, the state court entered a final judgment on the merits of the foreclosure action.  Moreover, HSBC and Lucero were parties in the state foreclosure action and are now

parties in this action.  Consequently, the first two elements of *res judicata*, a final judgment on

the merits in the first lawsuit and identity of parties or privies, are met.

As to the third element of *res judicata*, identity of cause of action, "[b]oth the Tenth

Circuit and New Mexico have adopted the transactional approach…."  *Potter*, 2015-NMSC-002

at ¶ 11.  "The transactional approach considers all issues arising out of a 'common nucleus of

operative facts' as a single cause of action."  *Id.* (citation omitted).

> The facts comprising the common nucleus should be identified pragmatically,
> considering (1) how they are related in time, space, or origin, (2) whether, taken together,
> they form a convenient trial unit, and (3) whether their "treatment as a single unit
> conforms to the parties' expectations or business understanding or usage."

 *Id.* (citation omitted).

Here, the facts in the state foreclosure action and this action concern the same Mortgage

and Note.  Additionally, the facts in both actions concern whether and to what extent Lucero

owed money on the Note's principle balance.  These facts are related in time, space, and origin,

and when taken together form a convenient trial unit.  Considering the nature of the facts in both

actions, the parties could have expected to treat those facts as a single trial unit.  Consequently,

as a pragmatic matter, the issues in both actions arise out of a "common nucleus of operative

facts."  Thus, identity of cause exists.  In addition, Lucero could have and should have brought

his claims in the foreclosure action.

Having found that the elements for *res judicata* are met and that Lucero could have and

should have raised his claims in the state foreclosure action, the Court concludes that *res judicata*

bars this lawsuit against HSBC.  Accordingly, the Court will dismiss Lucero's claims with

prejudice under the doctrine of *res judicata*.  *See Phan v. Colorado Legal Servs.*, 769 Fed. Appx.

520, 526 (10th Cir.), *cert. denied sub nom. Vu Phan v. Colorado Legal Servs.*, 140 S. Ct. 201

(2019) (holding that "district court properly dismissed with prejudice" claims "under the doctrine

6

of res judicata").

### 3. Predatory Lending Claim

In the alternative, HSBC also argues that Lucero fails to state a plausible claim for predatory lending. In fact, Lucero does not indicate the legal source for his predatory lending claim, whether state or federal law. Lucero's vague predatory lending claim, therefore, fails to state a plausible claim. *See Jacobs v. Credit Suisse First Bos*., 2011 WL 4537007, at *4 (D. Colo.) (concluding that allegation of "'predatory lending ... in violation of' unspecified 'Federal and State laws'" fails "to state a cognizable claim of this type"). Even if Lucero could provide a legal basis for a predatory lending claim, such a claim would fail because HSBC did not originate the Loan or the Mortgage. *See, e.g., Nassardeen-Buckley v. U.S. Bank, Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr.,* 2018 WL 6571391, at *3 (D. Colo.) (determining that predatory lending claim likely could not survive Rule 12(b)(6) motion to dismiss since plaintiffs did not bring claim against original lender); *Heizer v. Dent*, 2014 WL 12789693, at *4 (D.N.M.) (liberally construing *pro se* predatory lending claim under Truth in Lending Act, 15 U.S.C. § 1639b, which applies to mortgage originators). For this additional reason, Lucero fails to state a plausible predatory lending claim.

### 4. Fraud Claim

Next, HSBC argues that if the Court construes the predatory lending claim as simply a fraud claim, Lucero still fails to state a plausible claim. "The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Williams v. Stewart,* 2005–NMCA–061, ¶ 34, 137 N.M. 420. Construing the sparse allegations in the

Complaint as true and in Lucero's favor, the Court cannot reasonably infer from the allegations that HSBC misrepresented any facts with respect to the $3,000 allegedly added to the Note's principle balance without Lucero's knowledge.  Instead, Lucero merely alleges that HSBC wrongfully added $3,000 to the Note's principle balance without informing him.  Lucero also does not allege any facts to show that HSBC knew it wrongfully added the $3,000 to the Note's principle balance or recklessly did so.  Lucero further fails to allege facts that show HSBC intended to deceive him about the $3,000.  Consequently, Lucero fails to state a plausible claim of fraud against HSBC with respect to the $3,000 allegedly added to the Note's principle balance without Lucero's knowledge.

Furthermore, construing the sparse allegations in the Complaint as true and in Lucero's favor, the Court cannot reasonably infer from the allegations that HSBC misrepresented any facts regarding the imposition of an 8.49% interest rate.  Significantly, Lucero and Fidelity Mortgage, not HSBC, agreed to that interest rate when they originally executed the Note on April 12, 2007.  Lucero does not allege that HSBC was involved in that transaction in any way.  Lucero, therefore, cannot state a plausible claim of fraud against HSBC based on the imposition of an 8.49% interest rate.

### B.  Rule 9(b)

Finally, HSBC argues that if the Court construes the predatory lending claim as a fraud claim, Lucero fails to comply with Fed. R. Civ. P. 9(b) which requires that a plaintiff "state with particularity the circumstances constituting fraud…."  "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."  *S2 Automation LLC v. Micron Tech., Inc.*, 281 F.R.D. 487, 494 (D.N.M. 2012) (citation omitted).

In this case, Lucero only sets forth the who, HSBC, and the what, adding $3,000 to the

Note's principle balance without his knowledge and imposing an 8.49% interest rate.  Lucero does not allege when, where, or how HSBC added the $3,000 to the Note's principle balance. Lucero simply states that he once owed Associates Finance Company $3,000, which he paid in full.  In addition, Lucero does not allege when, where, or how HSBC imposed an 8.49% interest rate, which is problematic considering Lucero and Fidelity Mortgage originally agreed to that rate more three years before the original mortgagee assigned the Mortgage to HSBC.  For the foregoing reasons, Lucero fails to comply with Rule 9(b) as to any fraud claim.

*C. Conclusion*

The Court grants HSBC's Rule 12(b)(6) motion to dismiss for the following reasons:  (1) *res judicata* or claim preclusion bars this lawsuit; (2) Lucero fails to state a plausible predatory lending claim; and (3) Lucero fails to state a plausible fraud claim.  Furthermore, Lucero fails to comply with Rule 9(b) as to any allegation of fraud.  For all of the above reasons, the Court dismisses this lawsuit with prejudice.  Accordingly, the Court also denies the Motion for Default Judgment as now moot.

IT IS ORDERED that

1.  Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. No. 1-3, 4/25/19) and Brief in Support (Doc. 4) is granted;

2.  the Complaint is dismissed with prejudice; and

3.  the Motion for Default Judgment (Doc. 21) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE